NO. 07-09-0172-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 APRIL 26, 2010

 ______________________________

 JIMMY J. GOBER, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-421,987; HONORABLE CECIL G. PURYEAR, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 CONCURRING OPINION

 The majority concludes that Appellant has failed to properly preserve
for our review any error raised by his single issue contending that the
trial court abused its discretion by overruling his motion to require a co-
defendant to invoke her Fifth Amendment privilege against self-
incrimination outside the presence of the jury. Because I believe the
error was properly preserved, but further conclude that the error was
harmless, I concur in the decision of the Court.

 Background

 Although the majority opinion accurately summarizes the factual and
procedural background of this case, it is the State's alternative arguments
that differentiate the opinions of this Court. The State contends the
trial court did not err by overruling Appellant's motion to require Gloria
Flores, an indicted co-defendant, to assert her Fifth Amendment privilege
against self-incrimination outside the presence of the jury.
Alternatively, the State argues that Appellant did not preserve that error
(the argument accepted by the majority). Alternatively to that, the State
argues that Appellant's follow-up questions to the State's objectionable
questions, also causing Flores to invoke her Fifth Amendment privilege,
operated to "cure" the error. Finally, and again alternatively, the State
argues that any error is harmless.

 Harmless Error Analysis

 Other than constitutional error, any error, defect, irregularity, or
variance that does not affect the appellant's substantial rights must be
disregarded by an appellate court in determining whether to reverse the
decision of a lower court. Tex. R. App. P. 44.2(b) (Vernon 2003). A
substantial right is affected when the error had a substantial and
injurious effect or influence on the jury(s verdict. Russell v. State, 113
S.W.3d 530, 549 (Tex.App.--Fort Worth 2003, pet. ref(d) (citing King v.
State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997)). In assessing reversible
error, an appellate court should consider the entire record, including any
testimony or physical evidence admitted for the jury's consideration, the
nature of the evidence supporting the jury's verdict, the character of the
alleged error and how it might be considered in connection with other
evidence in the case. Motilla v. State, 78 S.W.3d 352, 355 (Tex.Crim.App.
2002). The reviewing court should also consider non-evidentiary elements
of the trial, including voir dire, the State's theory, and any defensive
theories, the jury instructions, and closing arguments. Id.

 Here, the error complained of by Appellant, to-wit: the trial court
erred by overruling Appellant's motion to require Flores, an indicted co-
defendant, to assert her Fifth Amendment privilege against self-
incrimination outside the presence of the jury, is not constitutional
because none of Appellant's constitutional rights were implicated.
Therefore, our harmless error analysis must focus on whether any of
Appellant's rights were substantially affected by that error.

 Appellant contends that he was prejudiced because the jury was allowed
to draw inappropriate conclusions from the questions asked. However,
Appellant was also allowed to ask questions which Flores equally answered
by asserting her Fifth Amendment privilege. While Appellant's questions
did not "cure" the error invited by the State, they are something this
Court may consider in its harm analysis. Because it is no more likely that
the jury drew incriminating inferences from the State's questions than it
drew exonerating inferences from Appellant's questions, we cannot conclude
that allowing these questions, in and of themselves, substantially affected
Appellant's rights.

 Furthermore, considering the error in relation to the rest of the
evidence presented by the State, any inferences that might have been
injected by the questions is of only slight significance. The jury heard
testimony from the arresting officers, reviewed photographs of the
contraband seized, and heard portions of a recorded interview between an
officer and Appellant. Considering the entirety of the record, including
the instructions from the court that the verdict was to be based upon the
evidence heard (as opposed to speculating on what it didn't hear), there is
virtually no reason to believe the jury's verdict was based on this error.
Finding that the error did not have a substantial and injurious effect or
influence on the jury's verdict, thereby substantially affecting
Appellant's rights, I find the error to be harmless and I concur in the
conclusion reached by the majority to affirm the judgment of the trial
court.

 Patrick A. Pirtle
 Justice

Do not publish.